UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00112-REW-EBA

REGAL NAILS, SALON & SPA, LLC,                                              PLAINTIFF,


V.                          **<u>REPORT & RECOMMENDATION</u>**


HEN NGUYEN,                                                           DEFENDANT.

*** *** *** ***

Plaintiff Regal Nails, Salon & Spa, LLC ("Regal Nails") filed their Complaint on November 30, 2022. [R. 1]. As detailed in their Memorandum in Support of Default Judgment [R. 10-1], Regal Nails alleges that Defendant Nguyen entered into a Franchise Agreement with them to operate a Regal Nails franchise ("Salon") in Paintsville, Kentucky and thereafter committed multiple breaches of this agreement. [*Id.* at pg. 1]. As a result, Regal Nails has asserted multiple breaches of contract claims against Nguyen and has requested a declaratory judgment that "(1) Defendant committed multiple non-curable defaults under the Franchise Agreement; (2) the Franchise Agreement was properly terminated; (3) Regal may exercise its right under the Franchise Agreement to retake possession of the Salon; (4) any personalty remaining in the Salon is abandoned and may be disposed of by Regal as it sees fit." [R. 1 at pg. 5].

Since the Complaint was filed and up to the date of the filing of this Report & Recommendation, Nguyen has failed to respond or otherwise appear in this action. As a result, on December 28, 2022, Regal Nails moved for an entry of default against Nguyen. [R. 8]. In this motion, it was indicated that Nguyen had been served on December 6, 2022, thus making his Answer due by December 27, 2022. [R. 8-1 at pg. 3; *see also* FED. R. CIV. P. 12(a)]. The entry of

default was entered by the Clerk on December 29, 2022. [R. 9]. On January 12, 2023, Regal Nails moved for default judgment [R. 10] and the matter was thereafter referred to the undersigned by order of Judge Wier [R. 11]. On June 30, 2023, the undersigned directed Regal Nails to supplement its motion for default judgment with additional information regarding certain damages that have been asserted in this case. [R. 12]. Regal Nails filed its supplement on July 7, 2023. [R. 13]. However, due to an inadvertent omission on Regal Nails' part, certain exhibits were omitted from this supplement. Thereafter, the undersigned directed Plaintiff to file the exhibits referenced in its supplemental brief. [R. 14]. The exhibits were thereafter filed on July 12, 2023. [R. 15]. Having received the exhibits, the matter is now fully briefed and ripe for review.

ANALYSIS

A.

Pursuant to FED. R. CIV. P. 55(b), the moving party may request the clerk to enter a default judgment if the damages are for a sum certain; otherwise "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2) gives the Court the option to conduct a hearing to investigate certain issues that may arise when a motion for default judgment is made, such as the computation of damages, but such a hearing is not mandatory. ("The court *may* conduct hearings or make referrals…") (emphasis added). "An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it." *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1035 (N.D. Ohio 2022) (citing *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012)). However, "the moving party must present some evidence to support of his claim, whether an affidavit or other documentary evidence." *Id.* (citing *Jones*, 2012 WL 3579690, at *1). Finally, when the defendant has failed to file an answer, the undersigned must "take the allegations of the petition as true." *Nw. Yeast Co. v. Broutin*, 133 F.2d 628, 630 (6th Cir. 1943).

As explained in Regal Nails' memorandum in support of their motion for default judgment, this case was filed with the Court based on diversity jurisdiction. [R. 10-1 at pg. 2]. The Complaint alleges Regal Nails is a citizen of Nevada and Louisiana and that Nguyen is a Kentucky citizen. [R. 1 at pg. 1]. Further, as seen by the evidence presented in support of this motion and the allegations in the Complaint, the amount in controversy in this case exceeds $75,000. [*See id.* at pgs. 2–4]. Finally, venue is proper because Nguyen is domiciled in the Eastern District of Kentucky. [*Id.* at pgs. 1–2; *see also* 28 U.S.C. § 1391(b)(1)]. Therefore, the undersigned recommends a finding that the Court has jurisdiction to issue a default judgment in this case. In addition, Nguyen was personally served with the Complaint on December 6, 2022 [R. 8-1 at pg. 3] and Nguyen has since failed to file an Answer or otherwise appear in this case. Thus, the undersigned also recommends a finding that a default judgment is appropriate in this case. In addition, the undersigned recommends that, given the allegations in the Complaint and the evidence Regal Nails has presented, an evidentiary hearing is not needed, and a default judgment may be rendered based on the record alone.

B

*Damages*

Regal Nails has asserted that they are owed a total of $84,249.23 from Nguyen. [*See* R. 10-5]. The breakdown of this figure is as follows: (1) $51,499.73 in franchise fees, [R. 10-1 at pg. 4]; (2) $1,100.00 in fines [*Id.*]; (3) $25,000.00 for a "white box" fee, [*Id.*]; (4) $6,624.50 in attorney's fees and costs, [*Id.*]; and (5) $25.00 for indemnification of costs relating to the operation of the Salon. [*Id.* at pg. 5]. Regal Nails has also requested that the undersigned award them post-judgment interest pursuant to 28 U.S.C. § 1961. [*Id.*].

Regal Nails has submitted the operative Franchise Agreement [R. 10-3] and the affidavit of David M. Anderson, general counsel for Regal Nails [R. 10-4], to establish that Nguyen still

owes Regal Nails $327.44 "for the renewal of the franchise and security deposit update in 2018, Monthly Franchise Fees for November 2022 of $3,396.20, and $398 in remaining insurance premium installments." [R. 10-3 at pg. 3]. Further, a $50 charge is owed due to the monthly franchise fee for November of 2022 being declined due to insufficient funds and late fees related to the aforementioned charges that total $3,400.00 [*Id.*]. Finally, pursuant to the terms of the Franchise Agreement, Regal Nails is entitled to recover "payment of all monthly franchise fees and monthly utility charges for the remainder of the term of the Franchise Agreement discounted to present value." [*Id.* at pgs. 3–4 (citing R. 10-3 at pg. 51)]. These late charges, when discounted to present value, result in $43,928.09. [*Id.* at pg. 5].

The terms of the Franchise Agreement [R. 10-3], Mr. Anderson's affidavit, [R. 10-4 at pgs. 1-2], and the Customer Open Balance that has been submitted with the affidavit [*Id.* at pg. 3] indicate that these calculations are correct. Further, Regal Nails' supplemental brief [R. 13] and exhibits [R. 15] have since clarified that "[t]he balance of $398 reflected on the Customer Open Balance sheet and on Invoice 69649 remains due and owing to Regal." [R. 13 at pgs. 1–2]. Based on the exhibits and affidavits provided by Regal Nails, the undersigned recommends that Plaintiff be awarded the full $51,499.73 for these franchise fees.

Regal Nails has also asserted that they are owed $1,100 in fines due to an inspection that occurred at Nguyen's salon on September 21, 2021. [R. 10-1 at pg. 4]. Pursuant to section 18 of the Franchise Agreement, Regal Nails was to "[p]rovide onsite periodic quality assurance inspections and furnish you with a written copy of the quality assurance manager's report." [R. 10-3 at pg. 24]. In addition, Regal Nails was permitted to issue warnings and fines for any deficiencies and Nguyen was to "pay the total amount of the fines within 30 days of receipt of your statement." [*Id.*]. According to David Anderson's affidavit, Regal Nails did impose fines on Nguyen that have not been paid [R. 10-4 at pg. 1] and Invoice 81990 indicates that the fines did

amount to $1,100.00. [*Id.* at pg. 4]. Based on this evidence, the undersigned recommends that Regal Nails be awarded $1,100.00 for these unpaid fines.

Regal Nails also asserts that, under the Franchise Agreement, they are entitled to $25,000.00 as part of a "white box" fee. [R. 10-1 at pg. 4]. Pursuant to section 38(A)(3), Nguyen is to leave the premises in "broom clean" condition if Regal Nails is a party tenant to the lease for the location or Nguyen was to pay Regal Nails $25,000.00 if the salon was not left in such a condition. [R. 10-3 at pg. 50]. The Franchise Agreement also dictated that Regal had "entered into a Master Lease Agreement with the Landlord for the premises indicated at the address listed in Section 50 of the Franchise Agreement…" [*Id.* at pg. 57]. As clarified in Attachment A to the Master Lease provided by Regal Nails, the tenant, identified as Regal Nails, was to either surrender the premises in a "white box" condition at the end of the lease or pay the Landlord, Wal-Mart Stores East, LP, $25,000 [R. 15-4 at pgs. 1–2]. Finally, David Anderson's affidavit indicates that Nguyen failed to return the premises in "white box" condition. [R. 10-4 at pg. 1]. Based on these documents, the undersigned recommends that Regal Nails be awarded $25,000.00 for the "white box" fee.

Regal Nails also seeks $6,624.50 in attorney's fees and costs. [R. 10-1 at pg. 4]. Pursuant to section 43 of the Franchise Agreement, Regal is "entitled to indemnification and to recover reasonable attorney's fees, court costs and expenses from you." [R. 10-3 at pg. 52]. Regal Nails has also provided a detailed accounting of the fees and costs associated with this action as an exhibit to Seth Church's Affidavit. [R. 10-2 at pgs. 5–6]. Based on the terms of the Franchise Agreement and accounting of the services associated with this action, the undersigned recommends that Regal Nails be awarded $6,624.50 in attorney's fees and costs.

Regal Nails also seeks $25.00 in indemnification for a gift certificate that was given to a customer prior to the closing of the salon and that was later refunded by Regal Nails. [R. 10-1 at

pg. 5]. Section 24(C) states that Nguyen is to indemnify and reimburse Regal Nails "for all expenses for which we or they are held liable, and we or they incur in the defense of any claim brought against us or them, or any expenses arising out of any claim, directly or indirectly related to your operation of the salon..." [R. 10-3 at pg. 34]. Based on the terms of the Franchise Agreement, the undersigned recommends that Regal Nails be awarded this $25.00.

Finally, Regal Nails also requests that they be awarded "post-judgment interest at the statutory rate." [R. 10-1 at pg. 5]. Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*. Therefore, the undersigned recommends that Regal Nails be awarded post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full.

Given the above, the undersigned recommends that Regal Nails be awarded a total of $84,249.23 for the damages listed above, along with post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full.

*Declaratory Judgment*

Regal Nails also seeks a declaration that: "(1) Defendant committed multiple non-curable defaults under the Franchise Agreement; (2) the Franchise Agreement was properly terminated; (3) Regal may exercise its right under the Franchise Agreement to retake possession of the Salon; (4) any personalty remaining in the Salon is abandoned and may be disposed of by Regal as it sees fit." [R. 10-1 at pg. 5].

To begin with, section 31(C) of the Franchise Agreement defines a non-curable defect as "events of default…which result in an immediate termination of this agreement upon notice." [R.

10-3 at pg. 44]. Section 31(C) lists several events that fall under this definition, including failing to pay Regal Nails any sum due, having "your manicurist's license or other professional license or that of your salon suspended, withdrawn, revoked, cancelled or terminated," and abandoning the salon. [*Id.* at pgs. 44–45]. The affidavits that have been provided by Regal Nails indicate that Nguyen committed several "non-curable defects," including that: (1) Nguyen's license as a nail technician was revoked in June of 2022 [See R. 10-2 at pgs. 1–2]; (2) that Nguyen failed to pay certain sums to Regal Nails; and (3) that Nguyen abandoned the salon. [R. 10-4 at pg. 1]. The evidence thus supports, and the undersigned agrees, that Nguyen committed multiple non-curable defects under the terms of the Franchise Agreement.

Further, Mr. Church has attested that on November 15, 2022, he sent Nguyen "a notice of termination of the Franchise Agreement and sublease." [R. 10-2 at pg. 2]. Under section 31(A) of the Franchise Agreement, considering Nguyen's incurable defects, Regal Nails would have the right to immediately terminate the Franchise Agreement. [R. 10-3 at pg. 42]. Therefore, the undersigned is persuaded that Regal Nails properly terminated the Franchise Agreement.

Pursuant to the Sublease Schedule that was included with the Franchise Agreement, Regal Nails has the right to re-enter and repossess the premises. [R. 10-3 at pg. 58]. Kentucky law has held that a contractual provision allowing a landlord to retake possession of a leased location is enforceable. *See AnyConnect US LLC v. Place*, 636 S.W.3d 556, 562-63 (Ky. Ct. App. 2021). Because the undersigned is persuaded that Regal Nails has properly terminated the Franchise Agreement, the undersigned is also persuaded that Regal Nails may now retake possession of the premises.

Finally, Regal Nails seeks a declaration that Nguyen has abandoned any personalty left at the salon and that Regal Nails may dispose of any such personalty. [R. 10-1 at pgs. 6–7]. The undersigned previously asked for an itemization of the personalty that remains at the Salon. [R.

14]. Regal Nails responded by stating that they had since discovered that an unauthorized party has reopened the Salon and is using the premises and Regal Nails' intellectual property without their permission. [R. 15 at pg. 3]. While this unauthorized party does not appear to be Nguyen, Regal Nails does believe that this party may be related to Nguyen "in some capacity…" [*Id.*]. Regal Nails also informed the undersigned that they may be forced to file for injunctive relief if an amicable resolution cannot be reached with this new party. [*Id.*]. Finally, Regal Nails stated that they would have no objection to delaying a ruling on the personalty issue given these new facts. [*Id.*].

Kentucky courts have held that "'[a]bandonment' is the relinquishment of property with the intention of not reclaiming it or reassuming its ownership or enjoyment." *Kelley v. Nationwide Auto Restoration, LLC*, 246 S.W.3d 470, 473 (Ky. Ct. App. 2007) (citing *Ellis v. Brown*, 177 F.2d 677, 679 (6th Cir. 1949)). "[U]nder Kentucky law abandonment consists of a voluntary relinquishment of possession along with an intent to repudiate ownership." *Id.* (citing *Ellis v. McCormack*, 218 S.W.2d 391, 392 (Ky. 1949)). "The intent to repudiate ownership may be inferred when the facts justify it, and the lapse of a long period of time following relinquishment of possession constitutes significant evidence of the intention to abandon property." *Id.* (citing *McCormack*, 218 S.W.2d at 392).

Here, without more information on what personalty is on the premises and the identity of this unauthorized party, the undersigned cannot recommend that the Court enter an order declaring that this property has been abandoned. Indeed, the fact the unauthorized party may be related somehow to Nguyen could arguably indicate that this personalty has not been abandoned. Therefore, the undersigned recommends that a ruling on the personalty issue be denied. However, Regal Nails may move the Court to reexamine this issue at a later time should they be

able to provide an itemization of the personalty and information on the unauthorized party currently using the premises.

CONCLUSION

The undersigned RECOMMENDS the following:

1.  That this Court find that it has jurisdiction over the case and the parties, and that venue is proper for this matter.

2.  That the Court PARTIALLY GRANT and PARTIALLY DENY Plaintiff's Motion for Default Judgment.

3.  That the Court AWARD Plaintiff Regal Nails a judgment against Defendant Nguyen in the amount of $84,249.23, plus post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full.

4.  That the Court GRANT a declaratory judgment against Defendant Nguyen on the following issues: (1) that Defendant Nguyen committed multiple non-curable defaults under the Franchise Agreement; (2) that the Franchise Agreement was properly terminated; and (3) that Plaintiff Regal Nails may exercise their rights under the Franchise Agreement to retake possession of premises originally operated by Defendant Nguyen under the terms of the Franchise Agreement.

5.  That the Court DENY Regal Nails' request for a declaratory judgment finding that Defendant Nguyen has abandoned the personalty currently located at the Salon and that Regal Nails may dispose of such personalty.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition.  Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United*

*States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984); *see also* FED. R. CIV. P. 72(b)(2). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed July 17, 2023.



**Signed By:**

*__Edward B. Atkins__*  *EBA*

**United States Magistrate Judge**