UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| REGAL NAILS, SALON & SPA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CV-112-REW-EBA |
| v. | ) | |
| | ) | ORDER |
| HEN NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Regal Nails, Salon & Spa, LLC ("Regal Nails") filed suit against Defendant Hen Nguyen, seeking damages for various breach of contract claims and requesting declaratory judgment as to the following: that "(1) Defendant committed multiple non-curable defaults under the Franchise Agreement; (2) the Franchise Agreement was properly terminated; (3) Regal may exercise its right under the Franchise Agreement to retake possession of the Salon; (4) any personalty remaining in the Salon is abandoned and may be disposed of by Regal as it sees fit." DE 1. Defendant Nguyen has altogether failed to respond or otherwise appear in the action. On December 29, 2022, upon Plaintiff's motion, the Clerk entered default against Nguyen. DE 8 (Plaintiff's Motion); DE 9 (Clerk's Entry of Default). On January 12, 2023, Regal Nails moved for default judgment under Federal Rule of Civil Procedure 55(b), seeking $84,249.23 in damages and declaratory judgment as to the matters listed in the Complaint. *See* DE 10. The Court referred the matter to United States Magistrate Judge Edward B. Atkins for review and preparation of a recommended disposition. DE 11.

After ordering supplemental documentation in support of Regal Nails's motion, *see* DE 12, DE 14, Judge Atkins issued a recommendation. *See* DE 16. At the outset, Judge Atkins established that the Court has diversity subject-matter jurisdiction over this matter and that venue is proper. *See id.* at 3. He also found that a hearing was not needed to resolve the motion "given the allegations in the Complaint and the evidence Regal Nails has presented." *Id.* at 2.

Judge Atkins ultimately concluded that default judgment is appropriate in this case and that Regal Nails should be granted the damages requested in full. He recommended that Regal Nails be awarded $51,499.73 in franchise fees; $1,100.00 in unpaid fines; $25,000.00 for the "white box" fee (failing to return the premises in "white box" or "broom clean" condition); $6,624.50 in attorney's fees and costs; $25.00 in indemnification for a gift card issued by the salon and refunded by Regal Nails after the salon closed. *Id.* at 3–6. These damages total the $84,249.23 asserted by Regal Nails. Finally, Judge Atkins recommended that Regal Nails be awarded "post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full" pursuant to 28 U.S.C. § 1961. *Id.* at 6.

Next, Judge Atkins took up the declaratory judgment issue and recommended that the Court grant declaratory judgment as to (1)–(3) in the Complaint. *Id.* at 6–9. First, he found that "the evidence [] supports, and the undersigned agrees, that Nguyen committed multiple non-curable defects under the terms of the Franchise Agreement." *Id.* at 7. Second, he determined that Regal Nails properly terminated the Franchise Agreement. *Id.* Third, he concluded that, because Regal Nails properly terminated the Franchise Agreement, it now may retake possession of the premises under the terms of the Sublease Schedule included in the agreement. *Id.*

However, Judge Atkins recommended against declaring "that Nguyen has abandoned any personalty left at the salon and that Regal Nails may now dispose of any such personalty." *Id.* at

2

7–8. In the supplemental documentation provided at Judge Atkins's request, Regal Nails indicated that an unauthorized party has reopened and is using the salon and Regal Nails's intellectual property without permission. *See id.* at 8; DE 13 at 3. After surveying relevant Kentucky law on the issue of abandonment, Judge Atkins found that "without more information on what personalty is on the premises and the identify of this unauthorized party, the undersigned cannot recommend that the Court enter an order declaring that this property has been abandoned." DE 16 at 8. Therefore, he recommended "that a ruling on the personalty issue be denied." *Id.*[1] Judge Atkins noted that Regal Nails could later move the Court to resolve this issue, should it "be able to provide an itemization of the personalty and information on the unauthorized party currently using the premises." DE 16 at 8–9.

      Per the recommendation, the parties had fourteen (14) days within which to object to Judge Atkins's recommended disposition. *Id.* at 9–10. The deadline has passed with no objection from either party. While this Court reviews *de novo* those portions of a recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommended disposition, they waive any right to review. *See* Fed. R. Crim. P. 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587

---

[1] In its response to Judge Atkins's order to supplement, Regal Nails indicates it "has no objection to the Court delaying a ruling on the request for a declaration regarding abandonment of the personalty if the Court deems it appropriate." DE 13 at 3.

(6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption).

Accordingly, given the lack of objection and the well-reasoned disposition of Judge Atkins, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 16;
2. The Court **GRANTS** in part and **DENIES** in part DE 10;
3. The Court **AWARDS** Plaintiff a judgment against Defendant in the amount of $84,249.23 and post-judgment interest at the maximum rate allowed under 28 U.S.C. § 1961 from the date of the Court's judgment until the judgment is paid in full;
4. The Court **GRANTS** in part and **DENIES** in part Plaintiff's request for declaratory judgment, to the extent stated in this Order.
5. The persistence of the personalty matter will prevent issuance of a final judgment, under Rule 54(b). Plaintiff should promptly (with fourteen days), indicate its intentions with respect to any remaining issues. The Court cannot enter a final judgment yet, and the decision to this point is interlocutory.

This the 3rd day of August, 2023.

Signed By:
*Robert E. Wier*
United States District Judge