UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00112-REW-EBA

REGAL NAILS, SALON & SPA, LLC,                                                              PLAINTIFF,

V.                          **REPORT & RECOMMENDATION**

HEN NGUYEN,                                                                                       DEFENDANT.

*** *** *** ***

On January 12, 2023, Regal Nails, Salon & Spa [Regal Nails] moved for default judgment in this action, seeking monetary damages for various breach of contract claims and declaratory judgment on a few key issues. [R. 10]. On July 17, 2023, the undersigned recommended that Regal Nails' motion be granted in part and denied in part. [R. 16 at pg. 9]. Specifically, the undersigned recommended that Regal Nails' motion be granted except for a declaratory judgment on personalty that, Regal Nails asserted, had been abandoned at the salon. [*Id.*]. The reasoning for this denial was that Regal Nails had been unable to provide an itemization of the personalty left at the premises and an unauthorized party was now operating at the location, calling into question whether the personalty had been abandoned. [*Id.* at pgs. 8–9].

On August 3, 2023, District Judge Wier adopted the Report and Recommendation [R. 16] and found that "[t]he persistence of the personalty matter will prevent issuance of a final judgment, under Rule 54(b). Plaintiff should promptly (with fourteen days), indicate its intentions with respect to any remaining issues. The Court cannot enter a final judgment yet, and the decision to this point is interlocutory." [R. 17 at pg. 4]. On August 11, 2023, Regal Nails filed a Status Report with the Court, indicating that the unauthorized party has now vacated the premises and Plaintiff

has now been able to identify the personalty still on the premises. [R. 18]. Regal Nails now requests that the Court enter a declaratory judgment that the remaining personalty has been abandoned and that Regal Nails may dispose the items as it sees fit. [*Id.* at pgs. 2–3]. Regal Nails also seeks an additional award of attorney's fees and costs incurred relating to the personalty issue and having this unauthorized party vacate the premises. [*Id.* at pg. 3]. Having received this Status Report, the matter is now fully briefed and ripe for review.

ANALYSIS

A.

Pursuant to FED. R. CIV. P. 55(b), the moving party may request the clerk to enter a default judgment if the damages are for a sum certain; otherwise "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2) gives the Court the option to conduct a hearing to investigate certain issues that may arise when a motion for default judgment is made, such as the computation of damages, but such a hearing is not mandatory. ("The court *may* conduct hearings or make referrals…") (emphasis added). "An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it." *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1035 (N.D. Ohio 2022) (citing *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012)). However, "the moving party must present some evidence to support of his claim, whether an affidavit or other documentary evidence." *Id.* (citing *Jones*, 2012 WL 3579690, at *1). Finally, when the defendant has failed to file an answer, the undersigned must "take the allegations of the petition as true." *Nw. Yeast Co. v. Broutin*, 133 F.2d 628, 630 (6th Cir. 1943).

B

*Personalty*

Regal Nails seeks a declaration that Nguyen has abandoned any personalty left at the salon and that Regal Nails may dispose of any such personalty as it sees fit. [R. 10-1 at pgs. 6–7; R. 18 at pgs. 2–3]. Kentucky courts have held that "'[a]bandonment' is the relinquishment of property with the intention of not reclaiming it or reassuming its ownership or enjoyment." *Kelley v. Nationwide Auto Restoration, LLC*, 246 S.W.3d 470, 473 (Ky. Ct. App. 2007) (citing *Ellis v. Brown*, 177 F.2d 677, 679 (6th Cir. 1949)). "[U]nder Kentucky law abandonment consists of a voluntary relinquishment of possession along with an intent to repudiate ownership." *Id.* (citing *Ellis v. McCormack*, 218 S.W.2d 391, 392 (Ky. 1949)). "The intent to repudiate ownership may be inferred when the facts justify it, and the lapse of a long period of time following relinquishment of possession constitutes significant evidence of the intention to abandon property." *Id.* (citing *McCormack*, 218 S.W.2d at 392).

Here, Regal Nails previously reported to the Court that it discovered that an unauthorized party had reopened the salon and was using the premises and Regal Nails' intellectual property without their permission and was unable to provide an accurate accounting of the personalty at issue. [R. 15 at pg. 3]. While the undersigned was unable at the time to recommend that the Court should issue a finding that the personalty had been abandoned [R. 16 at pg. 9], Regal Nails has now reported that the unauthorized party has vacated the premises and it has now been able to examine the personalty left at the salon. [R. 18 at pgs. 1–2]. Regal Nails specifies that the following items were left after the unauthorized party vacated the premises: "a sink, decorative decals placed on the walls, shelving brackets, a curtain rod and curtain, and Regal Nails signage." [*Id.* at pg. 2]. Regal Nails also provided photos of the personalty. [R. 18-1].

Because this personalty was left not only when Nguyen left the salon but also when this new unauthorized party vacated the premises, the facts indicate that this personalty has been abandoned by Nguyen. Nguyen has been on notice of this action at least since December 6, 2022, when he was personally served with process. [R. 8 at pg. 1]. Further, Regal Nails has alleged and submitted evidence indicating that Nguyen abandoned the premises as early as August of 2022. [R. 1 at pg. 2; R. 10-4 at pg. 1]. The fact this personalty has now also been left by this new unauthorized party demonstrates that Nguyen has voluntarily relinquished this property with an intent to repudiate ownership. *See Kelley*, 246 S.W.3d at 473. Therefore, the undersigned finds that Nguyen has abandoned this personalty and Regal Nails should be permitted to dispose of these items as it sees fit.

C

*Additional Attorney's Fees*

The Court previously granted Regal Nails $84,249.23 in monetary damages. [R. 17 at pg. 4]. As part of this computation, Regal Nails was granted $6,624.50 in attorney's fees and costs. [*Id.* at pg. 2; *see also* R. 10-1 at pg. 4]. Regal Nails now seeks an additional $3,860.85 in attorney's fees and costs because of the additional work and filings that have occurred since the motion for default judgment was filed. [R. 18 at pg. 3].

Pursuant to section 43 of the Franchise Agreement, Regal Nails is "entitled to indemnification and to recover reasonable attorney's fees, court costs and expenses from you." [R. 10-3 at pg. 52]. Regal Nails has also provided an affidavit from attorney Seth Church and a detailed accounting of the new fees and costs associated with this action as an exhibit to Seth Church's Affidavit. [R. 18-2]. Based on the terms of the Franchise Agreement and accounting of the new services and costs associated with this action, the undersigned recommends that Regal Nails be awarded an additional $3,860.85 in attorney's fees and costs. Combined with the

Court's original award of monetary damages [R. 17 at pg. 4], the undersigned recommends that Regal Nails be awarded a total judgment of $88,110.08 against Defendant Nguyen, plus post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment has been paid in full pursuant to 28 U.S.C. § 1961.

## CONCLUSION

The undersigned RECOMMENDS the following:

1. That the Court GRANT Plaintiff's request for a declaratory judgment on the personalty issue and for additional attorney's fees and costs as part of a final order disposing of all remaining issues in this matter.

2. That the Court GRANT a declaratory judgment that Defendant Nguyen has abandoned the personalty located at the salon and described in Plaintiff Regal Nails' Status Report [R. 18] and that Regal Nails may dispose of such personalty as it sees fit.

3. That the Court AWARD an additional award of $3,860.85 in attorney's fees and costs. Combined with the Court's previous Order [R. 17] granting Regal Nails a judgment of $84,249.23 against Defendant Nguyen, Plaintiff Regal Nails should now be awarded a total judgment of $88,110.08 against Defendant Nguyen, plus post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full pursuant to 28 U.S.C. § 1961.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984); *see also* FED. R. CIV. P. 72(b)(2). General objections or objections that require a judge's

interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed August 17, 2023.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge