UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| REGAL NAILS, SALON & SPA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CV-112-REW-EBA |
| v. | ) | |
| | ) | OPINION AND ORDER |
| HEN NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On July 17, 2023, Magistrate Judge Edward B. Atkins recommended that the Court grant Regal Nails's motion for default judgment,[1] except for a declaratory judgment on personalty that Regal Nails indicated had been abandoned at the salon. *See generally* DE 16. The basis for denial was that Regal Nails did not provide an itemized list of the personalty on the premises and indicated that an unauthorized party may be using the location, calling abandonment into question. *See id.* at 7–9. The Court adopted Judge Atkins's recommendation and ordered Regal Nails to file a status report within fourteen days regarding the personalty issue; the Court warned that "[t]he persistence of the personalty matter will prevent issuance of a final judgment." DE 17 at 4.

Regal Nails filed a status report as directed, reporting that the unauthorized party has vacated the premises and itemizing the personalty left behind. *See generally* DE 18; DE 18-1 (photographs of personalty). Regal Nails, through counsel, also requested that the Court grant additional attorneys' fees and costs incurred since filing the original default judgment motion. *See* DE 18 at 3; DE 18-2 (Attorney Affidavit).

---

[1] The Court incorporates the case background information discussed in its prior order at DE 17.

On August 17, 2023, following Plaintiff's status report, Judge Atkins issued a recommendation as to the personalty issue. *See* DE 19. After stating the relevant Kentucky abandonment standard, Judge Atkins found that Defendant Nguyen left the personalty at issue at the salon when he abandoned the premises as early as August 2022, and "[t]he fact that this personalty has now also been left by this new unauthorized party demonstrates that Nguyen has voluntarily relinquished this property with an intent to repudiate ownership." *See id.* at 4. Therefore, he concluded that "Nguyen has abandoned this personalty and Regal nails should be permitted to dispose of these items as it sees fit." *Id.* Further, he recommended that Regal Nails be granted an additional $3,860.85 in attorney's fees and costs incurred since filing the original motion, pursuant to the Franchise Agreement between the parties. *Id.*

Per the recommendation, the parties had fourteen (14) days within which to object to Judge Atkins's recommended disposition. *Id.* at 9–10. The deadline has passed with no objection from either party. While this Court reviews *de novo* those portions of a recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommended disposition, they waive any right to review. *See* Fed. R. Crim. P. 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption).

Accordingly, given the lack of objection and the well-reasoned disposition of Judge Atkins, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 19;

2. The Court **GRANTS** the requests in Plaintiff's status report at DE 18;

3. The Court **GRANTS** $3,860.85 in additional attorney's fees and costs. Combined with the prior award of $84,249.23, *see* DE 17 at 4, the total is now $88,110.08; and

4. Having resolved the pending personalty issue, the Court will issue a separate judgment.

This the 1st day of September, 2023.

Signed By:
*Robert E. Wier*
United States District Judge